UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAIME GODOY,

            Plaintiff,

- against -

PLANDOME COUNTRY CLUB, INC.,

           Defendant.
----------------------------------------------------------X

Civil Action No.:

COMPLAINT

## INTRODUCTION

1. Plaintiff alleges that Defendant violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay him overtime premium pay for all hours worked in excess of forty per week, and that Defendant acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendant's failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendant regularly conducts business in this district and is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff, Jaime Godoy, is a resident of Douglaston, New York. He was employed by the defendant from on or about 2003 until on or about January 25, 2015.

6. The Defendant, Plandome Country Club, Inc., is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

## FACTS

7. Defendant operates a country club located at 145 Stonytown Road, Plandome, New York.

8. Plaintiff was employed by the defendant as a sous chef.

9. During the last 6 years of his employment, plaintiff's primary duties included food preparation and cooking.

10. Plaintiff has never obtained any type of degree from a culinary institution.

11. During the last 6 years of his employment, Plaintiff's primary duties did not include work requiring the exercise of discretion or independent judgment with respect to matters of significance.

12. During the last 6 years of his employment, Plaintiff never hired employees or discharged employees.

13. During the last 6 years of his employment, Plaintiff never set the schedules of any of the defendant's employees.

14. During the last 6 years of his employment, Plaintiff never had the authority to hire employees or discharge employees.

15. During the last 6 years of his employment, Plaintiff never promoted or demoted employees.

16. During the last 6 years of his employment, Plaintiff never set the employees' pay rates and never decided whether employees should receive a pay increase.

17. During the last 6 years of his employment, Plaintiff never had any responsibility for managing any department or subdivision of Defendant's business.

18. During the last 6 years of his employment, Plaintiff's duties never required knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

19. During the last 6 years of his employment, Plaintiff never interviewed employees or recommended that any employees be hired or discharged.

20. During the last 6 years of his employment, Plaintiff never handled employee grievances and never disciplined employees.

21. During the last 6 years of his employment, Plaintiff never provided for the safety and security of the defendant's employees.

22. During the last 6 years of his employment, Plaintiff never planned or controlled the defendant's budget.

23. During the last 6 years of his employment, Plaintiff never monitored or implemented legal compliance measures for the defendant.

24. During the last 6 years of his employment, Plaintiff never gave any written evaluations to any of the defendant's employees.

25. Plaintiff was paid a salary that covered 40 hours of work each week.

26. Plaintiff was paid by check during his employment.

27. Plaintiff regularly worked 6 days a week during his employment.

28. Plaintiff regularly worked Tuesday through Sunday during his employment.

29. During his employment, the plaintiff's general weekly work hours during the high season were as follows:

Tuesday – 8 a.m. to 3 p.m.;
Wednesday – 8 a.m. to between 9 and 10 p.m.
Thursday – 8 a.m. to 10 p.m.
Friday – 8 a.m. to between 9 and 10 p.m.
Saturday – 8 a.m. to 10 p.m.
Sunday – 8 a.m. to 8:30 p.m.

30. Plaintiff regularly worked approximately 74.5 hours a week during the high season.

31. During his employment, the plaintiff's general weekly work hours during the low season were as follows:

Tuesday – 8 a.m. to 3 p.m.;
Wednesday – 8 a.m. to between 9 and 10 p.m.
Thursday – 8 a.m. to 3 p.m.
Friday – 8 a.m. to 9 p.m.
Saturday – 8 a.m. to 8:30 p.m.
Sunday – 8 a.m. to 8:30 p.m.

32. Plaintiff regularly worked approximately 65.5 hours a week during the low season.

33. In addition, during the low season, the defendant was closed for approximately 4 to 6 weeks.

34. Plaintiff was never paid time and a half his regular rate of pay when he worked in excess of 40 hours each week.

35. Plaintiff was never paid overtime compensation when he worked more than 40 hours each week.

36. Defendant did not record the hours that the plaintiff worked each day of each week.

37. Plaintiff's paychecks only show that he was paid for 40 hours each week.

38. Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

39. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

40. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

41. At all times relevant to this Complaint, Defendant has been and continues to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

42. At all times relevant to this Complaint, Defendant has "employed" Plaintiff suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

43. At all times relevant to this Complaint, the defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

44. At all times relevant to this Complaint, the gross annual volume of sales made or business done by the defendant during the years 2014, 2013, and 2012 was not less than $500,000.00.

45. Defendant's failures to pay overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

46. Defendant's failures to provide required compensation for all hours worked by Plaintiff are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

47. Defendant's repeated and intentional failures to provide required compensation for all

hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

48. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

49. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

50. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the NYLL and the regulations pertaining thereto.

51. At all times relevant to this Complaint, Defendant employed Plaintiff suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

52. Defendant failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

53. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

54. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

(A) Determine the damages sustained by Plaintiff as a result of Defendants' violations of 29 U.S.C. §207, and award those damages against Defendants and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b);

(B) Determine the damages sustained by Plaintiff as a result of Defendants' violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendants and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

(C) Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees.

(D) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
       February 18, 2015

                         Neil H. Greenberg & Associates, P.C.
                         By: Neil H. Greenberg, Esq.
                         Attorneys for the Plaintiff
                         900 Merchants Concourse, Suite 314
                         Westbury, New York 11590
                         (516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Godoy v. Plandome Country Club** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
       February 17, 2015

_____
Jaime Godoy